# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------X

MASON K. WILLIAMS,

Plaintiff,

-against-

TRANS UNION LLC, doing business in New York as TRANS UNION (OF DELAWARE), LLC,

Defendant.

---------------------------------------------------------------------X

Index No. ____________

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff designates Queens County as the place of trial

The basis of venue is Defendant's residence, CPLR 503(a), (c)

Plaintiff Mason K. Williams, by his attorney, Elliot M. Elo, Esq. of The Law Office of Elliot M. Elo, Esq. PLLC, for his verified complaint, alleges as follows against Defendant Trans Union LLC:

**NATURE OF THE ACTION**

1. This is an action for damages arising from Defendant's violations of the consumer file disclosure requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) (the "FCRA").

2. On June 30, 2026, Plaintiff requested his consumer file disclosure from Trans Union through the centralized source established under 15 U.S.C. § 1681j(a) and 12 C.F.R. § 1022.136.

3. The document Trans Union provided in response omitted information in Plaintiff's consumer file, disclosed other information only in truncated form, and failed to disclose the sources of the information in Plaintiff's consumer file.

4. Section 1681g(a) required Trans Union, upon Plaintiff's request, to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer file at the time of the request and the sources of that information.


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

5. Plaintiff seeks actual damages, statutory damages, punitive damages as authorized by the FCRA, costs, and reasonable attorney's fees.

## PARTIES

6. Plaintiff Mason K. Williams is a natural person.

7. Plaintiff was a student at all times relevant to this action.

8. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) because he is an individual.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company organized under the laws of the State of Delaware on December 3, 1998.

10. Trans Union has been authorized to do business in the State of New York under Section 802 of the Limited Liability Company Law since January 6, 1999 under the fictitious name Trans Union (of Delaware), LLC, and is assigned New York Department of State identification number 2331915.

11. According to the records of the New York Department of State, Trans Union's entity status is active, its statement status is current with its next statement due January 31, 2027, its designated county within the State of New York is Queens County, and its registered agent for service of process in New York is Corporation Service Company, 80 State Street, Albany, New York 12207.

12. According to the records of the New York Department of State, the post office address to which the Secretary of State shall mail a copy of any process against Trans Union served upon the Secretary of State as its agent is Attn: Tax Department, 555 West Adams Street, Chicago, Illinois 60661.

13. Trans Union maintains its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

14. Trans Union is engaged in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties for monetary fees, using means and facilities of interstate commerce, and it is therefore a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

15. Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

**JURISDICTION, VENUE, AND APPLICABLE LAW**

16. This Court is a court of general original jurisdiction and is a court of competent jurisdiction within the meaning of 15 U.S.C. § 1681p.

17. This Court has subject matter jurisdiction over Plaintiff's FCRA claims because state courts have concurrent jurisdiction over FCRA actions pursuant to 15 U.S.C. § 1681p.

18. This Court has personal jurisdiction over Defendant pursuant to CPLR 301 and 302(a)(1) because Defendant is authorized to do business in the State of New York, maintains a registered agent within the State, systematically and continuously transacts business within the State, including assembling and furnishing consumer reports concerning millions of New York consumers for fees, and created and maintained the consumer file concerning Plaintiff at issue in this action while Plaintiff resided within the State of New York.

19. Trans Union's June 30, 2026 consumer file disclosure states that Plaintiff has been on Trans Union's files since August 9, 2022, and reflects Plaintiff's former address at 20 Huntley Road, Elmont, New York 11003, reported August 7, 2022, so that Trans Union created Plaintiff's


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

consumer file, and began assembling and maintaining the information in it, while Plaintiff was a New York resident.

20. Alternatively, this Court has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(3) because Defendant committed tortious acts without the State causing injury to Plaintiff, and Defendant regularly does or solicits business within the State, engages in a persistent course of conduct within the State, and derives substantial revenue from services rendered within the State and from interstate commerce.

21. Venue is proper in Queens County pursuant to CPLR 503(a) and 503(c) because Trans Union, a foreign limited liability company authorized to transact business in the State, is deemed a resident of Queens County, the county within the State designated in the records of the New York Department of State.

22. The claims are timely because this action is being commenced within two years after Plaintiff discovered the violations alleged herein and within five years after the violations occurred, as required by 15 U.S.C. § 1681p.

## STATUTORY AND REGULATORY FRAMEWORK

23. Section 1681g(a) of the FCRA provides that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).

24. Section 1681g(a) of the FCRA further provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer "[t]he sources of the information" in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(2).


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

25. Section 1681a(g) of the FCRA defines the term "file" as follows: "The term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

26. The disclosure obligation imposed by 15 U.S.C. § 1681g(a)(1) therefore extends to all information on the consumer that Defendant records and retains, without regard to the format, database, system, product, or label under which Defendant stores that information. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 711-12 (3d Cir. 2010) (holding that the "file" a consumer reporting agency must disclose under § 1681g includes all information on the consumer that the agency retains and might furnish in a consumer report, including alert data stored outside the agency's core credit database).

27. The Consumer Financial Protection Bureau's implementing regulation ties the file disclosure obligation of a nationwide consumer reporting agency to its ability to report: "If a nationwide consumer reporting agency has the ability to provide a consumer report to a third party relating to a consumer, regardless of whether the consumer report is owned by that nationwide consumer reporting agency or by an associated consumer reporting agency, that nationwide consumer reporting agency shall, upon proper identification in compliance with section 610(a)(1) of the FCRA, 15 U.S.C. 1681h(a)(1), provide an annual file disclosure to such consumer if the consumer makes a request through the centralized source." 12 C.F.R. § 1022.136(d).

28. Under 12 C.F.R. § 1022.136(d), the measure of what a nationwide consumer reporting agency must disclose to the consumer is what that agency has the ability to provide to a third party in a consumer report, not what the agency elects to include in its standard consumer disclosure format.

29. Plaintiff's request was made through the centralized source, and 12 C.F.R. § 1022.136(d) therefore governed Trans Union's response directly.

**PLAINTIFF'S REQUEST AND TRANS UNION'S RESPONSE**

30. On June 30, 2026, Plaintiff requested his consumer file disclosure from Trans Union through the centralized source at annualcreditreport.com pursuant to 15 U.S.C. §§ 1681g and 1681j.

31. On June 30, 2026, Trans Union provided Plaintiff a forty-seven-page document bearing file number 463703421 in response to that request.

**TRANS UNION FAILED TO DISCLOSE THE SOURCES OF THE INFORMATION**

32. The document Trans Union provided identifies no source for any individual item of personal information in Plaintiff's consumer file.

33. The document lists Plaintiff's name, Social Security number, date of birth, current and former addresses, and telephone number without identifying the source of any of those items.

34. The document does not disclose the identity of any third-party vendor or associated consumer reporting agency from which Trans Union obtained information concerning Plaintiff.

35. Trans Union knows the sources of the information in Plaintiff's consumer file, because Trans Union records and retains furnisher, vendor, and source data as part of its consumer reporting business.

36. Trans Union thereby failed to clearly and accurately disclose to Plaintiff the sources of the information in Plaintiff's consumer file, as 15 U.S.C. § 1681g(a)(2) requires.

**TRANS UNION OMITTED AND TRUNCATED FILE INFORMATION**



Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

37. The document Trans Union provided states that Plaintiff's Social Security number "has been masked for your protection," an express acknowledgment that the document does not disclose the information as Trans Union records and retains it.

38. The document Trans Union provided discloses account numbers only in truncated form, including the ConServe account number disclosed only as beginning 2624 followed by masking characters.

39. Truncated account numbers do not clearly and accurately disclose all information in Plaintiff's consumer file, because Trans Union records and retains the full account numbers and has the ability to provide them to third parties in consumer reports.

40. Upon information and belief, at the time of Plaintiff's request Trans Union also recorded and retained additional information concerning Plaintiff that the document omitted entirely, including identity-verification data, ancillary and alert data, vendor-supplied data, and attributes and data elements that Trans Union furnishes or stands ready to furnish to subscribers in consumer reports and subscriber products concerning Plaintiff.

41. At the time of Plaintiff's request, Trans Union had the ability to provide the omitted and truncated information to a third party in a consumer report relating to Plaintiff.

42. The consumer file that 15 U.S.C. §§ 1681g(a)(1) and 1681a(g) required Trans Union to disclose is not limited to the contents of Trans Union's standard consumer disclosure format.

43. Trans Union thereby failed to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer file at the time of the request, as 15 U.S.C. § 1681g(a)(1) requires.

**DISSEMINATION AND CONCRETE HARM**


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

44. Congress conditioned the disclosure rights of 15 U.S.C. § 1681g(a) on the consumer reporting agency's role as a disseminator of consumer information, and those rights exist so that the consumer may see, monitor, and correct the information the agency stands ready to place before creditors, insurers, employers, and other users.

45. Plaintiff's consumer file was in active circulation at the time of Plaintiff's request, as demonstrated by the consumer reports that, according to the document itself, Trans Union furnished concerning Plaintiff to Sallie Mae Bank on January 8, 2026 and June 23, 2026 and to Continental Service Group LLC in an account review inquiry.

46. At the time of his request, Plaintiff was actively disputing a $6,618 collection balance that ConServe furnished to Trans Union and that Trans Union was reporting in Plaintiff's consumer file and consumer reports.

47. By withholding the omitted information and the sources of the information in his consumer file, Trans Union denied Plaintiff the statutorily mandated window into information actively available for dissemination to third parties.

48. Trans Union's omissions impeded Plaintiff's ability to detect, dispute, and correct the information in his consumer file, including his ability to identify and pursue the sources of the disputed information and the source of each item of personal information that creditors use to identify him.

49. From October 2025 through the filing of this action, Plaintiff spent approximately twenty hours reviewing consumer file disclosures, investigating the alleged debt, searching for records, communicating about the matter, seeking assistance, and attempting to understand and correct the information in his consumer files.


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

50. Plaintiff suffered emotional and mental injuries from his inability to see and verify the full contents and sources of his consumer file, including anxiety, worry, frustration, and uncertainty concerning his financial future.

51. Plaintiff's injuries are ongoing because Trans Union has not provided Plaintiff the complete consumer file disclosure that 15 U.S.C. § 1681g(a) requires.

52. Plaintiff's injury is unlike the injury rejected in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440-42 (2021) (no standing where plaintiffs identified no downstream consequences flowing from a formatting defect in mailed disclosures), because Plaintiff was deprived of substantive file content and source information concerning information positioned for dissemination to third parties and suffered the downstream consequences alleged in paragraphs 47 through 51 above.

**WILLFULNESS**

53. The regulatory standard tying a nationwide consumer reporting agency's disclosure duty to its ability to provide a consumer report to a third party has been in force in materially identical form since 2004. Free Annual File Disclosures, 69 Fed. Reg. 35468 (June 24, 2004) (final rule) (codified at 16 C.F.R. pt. 610 and later recodified by the Bureau at 12 C.F.R. § 1022.136).

54. Published appellate authority has given the consumer reporting industry notice since at least 2010 that the "file" subject to disclosure under 15 U.S.C. § 1681g includes all information on the consumer that the agency retains and might furnish in a consumer report, regardless of where or how the agency stores it. *Cortez,* 617 F.3d at 711-12 (so holding).

55. In 2015, Trans Union entered an Assurance of Voluntary Compliance with the Attorneys General of more than thirty States addressing its consumer reporting practices, further

evidencing Trans Union's longstanding awareness of its obligations to consumers concerning the contents and handling of consumer files.

56. A consumer reporting agency violates the FCRA willfully under 15 U.S.C. § 1681n when it acts in knowing or reckless disregard of its statutory duties, and its reading of the statute is reckless when that reading is objectively unreasonable in light of the statutory text, judicial guidance, and guidance from the agencies charged with administering the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69-70 (2007) (willfulness under § 1681n encompasses reckless disregard, measured objectively against the text and available authoritative guidance).

57. No reading of 15 U.S.C. § 1681g(a) that permits a nationwide consumer reporting agency to withhold from the consumer information the agency records, retains, and has the ability to furnish to third parties, or to withhold the sources of that information, is tenable in light of 15 U.S.C. §§ 1681g(a)(1), 1681g(a)(2), and 1681a(g) and 12 C.F.R. § 1022.136(d), and Trans Union's conduct alleged herein was therefore willful.

## FIRST CAUSE OF ACTION

**Willful Violation of 15 U.S.C. § 1681g(a)(1), Pursuant to 15 U.S.C. § 1681n**

58. Plaintiff repeats and realleges paragraphs 1 through 57.

59. Plaintiff requested his consumer file disclosure from Trans Union on June 30, 2026 upon proper identification.

60. Trans Union failed to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer file at the time of the request, in violation of 15 U.S.C. § 1681g(a)(1).

61. Trans Union's violation was willful within the meaning of 15 U.S.C. § 1681n because Trans Union acted in knowing or reckless disregard of its statutory duties.

62. Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and the costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CAUSE OF ACTION

**Negligent Violation of 15 U.S.C. § 1681g(a)(1), Pursuant to 15 U.S.C. § 1681o, Pleaded in the Alternative**

63. Plaintiff repeats and realleges paragraphs 1 through 62.

64. In the alternative, Trans Union's failure to clearly and accurately disclose to Plaintiff all information in Plaintiff's consumer file at the time of the request, in violation of 15 U.S.C. § 1681g(a)(1) was negligent.

65. As a direct and proximate result of Trans Union's negligent violation, Plaintiff sustained the actual damages alleged above.

66. Plaintiff is entitled to actual damages and the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## THIRD CAUSE OF ACTION

**Willful Violation of 15 U.S.C. § 1681g(a)(2), Pursuant to 15 U.S.C. § 1681n**

67. Plaintiff repeats and realleges paragraphs 1 through 66.

68. Plaintiff requested his consumer file disclosure from Trans Union on June 30, 2026 upon proper identification.

69. Trans Union failed to clearly and accurately disclose to Plaintiff the sources of the information in Plaintiff's consumer file at the time of the request, in violation of 15 U.S.C. § 1681g(a)(2).

70. Trans Union's violation was willful within the meaning of 15 U.S.C. § 1681n because Trans Union acted in knowing or reckless disregard of its statutory duties.

71. Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and the costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a).

**FOURTH CAUSE OF ACTION**

**Negligent Violation of 15 U.S.C. § 1681g(a)(2), Pursuant to 15 U.S.C. § 1681o, Pleaded in the Alternative**

72. Plaintiff repeats and realleges paragraphs 1 through 71.

73. In the alternative, Trans Union's failure to clearly and accurately disclose to Plaintiff the sources of the information in Plaintiff's consumer file at the time of the request, in violation of 15 U.S.C. § 1681g(a)(2) was negligent.

74. As a direct and proximate result of Trans Union's negligent violation, Plaintiff sustained the actual damages alleged above.

75. Plaintiff is entitled to actual damages and the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Mason K. Williams respectfully requests that this Court enter judgment against Defendant, awarding:

a. Actual damages under 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b. Statutory damages of not less than $100 and not more than $1,000 for each willful violation under 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages under 15 U.S.C. § 1681n(a)(2);

d. The costs of this action and reasonable attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

e. Prejudgment and post-judgment interest as permitted by law; and

f. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable, and Plaintiff will further preserve and renew this demand at the time and in the manner provided by CPLR 4102.

Dated: New York, New York
August 6, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*


Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9

**PLAINTIFF'S VERIFICATION**

I, Mason K. Williams, am the Plaintiff in this action.

I have read the foregoing Verified Complaint and Jury Demand and know its contents.

I affirm this 6th day of August, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief, and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

Mason Williams 08 / 06 / 2026

Mason K. Williams



Doc ID: 0fd5c1da0b0e65ae1778a47cdfb34f8ad81284d9